IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 08 C 0020 |
| ) | |
| STAHU EQUIPMENT, INC., ) | JUDGE MATTHEW F. KENNELLY |
| an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF COOK      )

DAVID S. BODLEY, being first duly sworn upon his oath, deposes and states:

1. He is now, and has since the first day of May, 1999, been employed by the Trustees of the Midwest Operating Engineers Fringe Benefit Funds as administrative manager, and in such capacity, has personal knowledge of the matters hereinafter set forth and if called as a witness in the instant proceedings is competent to testify in respect thereto.

2. He has read the Complaint filed in this cause, and knows of his own personal knowledge the contents of the collective bargaining agreements and Agreements and Declarations of Trust and all facts alleged therein, and if called and sworn as a witness is competent to testify thereto.

3. He is charged with keeping and maintaining records of contributions received by the Plaintiff Funds, maintains individual records on each person, firm and corporation required to make contributions to said Plaintiff Funds, receives and records contribution reports made by such persons, firms or corporations, and has under his supervision and direction all books, records, documents and papers relating to such Plaintiff Funds.

4. He has examined the account of Defendant in the above-entitled cause, and states that said Defendant:

(a) is required to make monthly contribution reports under the terms of the aforesaid collective bargaining agreement;

(b) has failed to submit all monthly contribution reports due to date;

(c) has submitted monthly contribution reports for the months of June 2007 and August 2007 through December 2007, but has failed to submit the contributions which it acknowledges therein to be due as set forth below:

|                    | Contributions |
|--------------------|---------------|
| Welfare Fund       | $17,909.20    |
| Pension Fund       | $11,162.00    |
| Apprenticeship Fund| $ 1,254.40    |
| Vacation Fund      | $ 3,404.80    |

(d) has had employees covered by the collective bargaining agreement during the months of May 2007, July 2007, October 2007 and November 2007, and that these employees have submitted to him check stubs showing the number of hours worked by them for the Defendant; based upon these check stubs he has determined that the following contributions and liquidated damages are due therefor:

|                    | Contributions | Liquidated Damages |
|--------------------|---------------|--------------------|
| Welfare Fund       | $1,020.80     | $102.08            |
| Pension Fund       | $ 745.60      | $ 74.57            |
| Apprenticeship Fund| $   89.60     | $  8.96            |
| Vacation Fund      | $ 243.20      | $ 24.32            |

5. Pursuant to the Trust Agreements he has assessed a liquidated damages surcharge against the Defendant in the amount of ten (10%) percent of all contributions due and unpaid and all contributions which were paid late, for the months of May 2005, June 2005, August 2005, May 2006 through December 2006 and May 2007 through December 2007, in amounts set forth below:

|  | Liquidated Damages |
|---|---|
| Welfare Fund | $6,281.13 |
| Pension Fund | $4,682.58 |
| Apprenticeship Fund | $ 579.82 |
| Vacation Fund | $1,618.52 |

6. Plaintiffs have incurred a fee of $175.00 as a result of Defendant's submission of fringe benefit contributions by way of checks which were subsequently dishonored by its bank for non-sufficient funds.

7. He is duly authorized by Plaintiffs in this behalf, has personal knowledge of the matters set forth above and if called as a witness in this cause, is competent to testify thereto.

8. He makes this Affidavit in support of the application of Plaintiffs for entry of judgment and requests this Court to consider the same as proof in support of the allegations contained in the Complaint of the Plaintiffs and such other facts herein set forth.

FURTHER AFFIANT SAYETH NOT.

_____
DAVID S. BODLEY

SUBSCRIBED AND SWORN to
before me this 29th
day of February 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NANCY AMABILE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/09

I:\MOEI\Stahu Equipment\bodley affidavit-judgment.bpa.df.wpd

4

## CERTIFICATE OF SERVICE

    The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Affidavit of David S. Bodley) with the Clerk of Court using the CM/ECF system, and further certifies that I have served the above-referenced document by facsimile to the following non-CM/ECF participants on or before the hour of 4:00 p.m. this 4th day of March 2008:

        Mr. Christopher Rebacz, Registered Agent
        Stahu Equipment, Inc.
        6400 River Road
        Hodgkins, IL   60525

        Mr. Christopher Rebacz, Registered Agent
        Stahu Equipment, Inc.
        15W730 90th Street
        Burr Ridge, IL   60527
        (708) 579-9850


                                        /s/   Beverly P. Alfon


Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\MOEJ\Stahu Equipment\bodley affidavit-judgment.bpa.df.wpd