IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 08 C 0020 |
| ) | |
| STAHU EQUIPMENT, INC., ) | JUDGE MATTHEW F. KENNELLY |
| an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

### CONSENT DECREE

THIS MATTER, coming on to be heard upon Complaint of Plaintiffs, WILLIAM E. DUGAN, et al. (hereafter referred to as the "Funds") and Defendant, STAHU EQUIPMENT, INC. (hereafter referred to as "Stahu"), having been served with a Summons and Complaint, the parties have reached a compromise and consent to the entry of this Consent Decree and the Court being fully advised in the premises, enters the following findings and Consent Decree:

1. This Court has jurisdiction over the subject matter herein and the parties to this Consent Decree.

2. Plaintiffs are fiduciaries within the meaning of ERISA, administered within this district. Stahu is bound by the terms of a Collective Bargaining Agreement between Stahu and the International Union of Operating Engineers, Local 150, AFL-CIOs that govern the Funds.

3. Pursuant to the terms of the governing Collective Bargaining Agreement and Trust Agreements, Stahu is obligated to submit monthly reports and benefit contributions to the Funds by the 20th day of the month following the month in which its employees performed work covered by the Collective Bargaining Agreement.

4. Pursuant to the governing Collective Bargaining Agreement and Trust Agreements, and Section 502(g) of ERISA, 29 U.S.C. §1132 (g), the Funds are entitled to recover the costs and expenses of the Trustees to the Funds, including liquidated damages, interest, attorneys' fees, and court costs expended in this matter.

5. For the contribution period of May 2005 through June 2005, August 2005, and May 2006 through December 2007, a total of $46,908.01 in contributions, liquidated damages, and interest remains due to the Funds.

6. In addition, it was necessary for the Funds to file suit against Stahu to collect the contributions and they incurred $2,397.50 attorneys' fees and costs in the amount of $425.00 which are now also due to the Funds.

7. Stahu agrees to pay to the Funds a total of $49,730.51, according to the following payment schedule:

|   | Date Due | Amount Due |
|---|---|---|
| 1 | May 7, 2008 | $10,000.00 |
| 2 | June 1, 2008 | $13,243.51 |
| 3 | July 1, 2008 | $13,243.50 |
| 4 | August 1, 2008 | $13,243.50 |

Payments shall be submitted by certified or cashier's check made payable to the Midwest Operating Engineers Fringe Benefit Funds and sent to Funds' counsel, Baum Sigman Auerbach & Neuman, Ltd., 200 W. Adams St., Suite 2200, Chicago, IL 60606, so that such payment is received by the indicated due date.

8. Stahu and Christopher Robacz, in his individual capacity, agree that Stahu must remain current in its submission of monthly reports and fringe benefit contributions that may accrue

Page 2 of 5

throughout the duration of the above payment schedule. Such contributions must timely submitted to and made payable to the Midwest Operating Engineers Fringe Benefit Funds by certified or cashier's check.

9. In the event that Stahu fails to timely submit the payments as agreed in Paragraph 7, or fails to submit current reports and contributions as they become due throughout the payment schedule, Stahu and Christopher Rebacz agree that they shall be considered in violation of this Consent Decree. In such event, Christopher Rebacz, as authorized agent of Stahu and in his individual capacity, consents to the entry of judgment against Stahu and himself for all unpaid installments under this Consent Decree, all contributions that accrue and are unpaid through the date of entry of judgment, and all reasonable attorneys' fees and costs that the Funds incur from May 1, 2008 through the date of entry of judgment.

10. It is further understood and acknowledged between the parties that nothing contained herein limits or modifies the right of the Funds to audit the payroll books of Stahu at such future time, as in the course of their regular audit program such an audit may be requested, nor do the terms of this Consent Decree limit or modify the Funds' right to recover from Stahu any additional contributions or liquidated damages which may become due or which may be found due as a result of such an audit for any time period that the Funds did not previously audit.

11. On August 1, 2008, if the Funds have received all payments required in paragraph 7 above, and the Funds have received all reports and contributions that became due throughout the payment schedule, the Funds will, on or before August 15, 2008, enter an order dismissing the above-captioned matter with prejudice and vacating this Consent Decree.

**IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED:**

A. That Plaintiffs, WILLIAM E. DUGAN, *et al.*, recover from Defendant, Stabu Equipment, a total of $49,730.51;

B. That Defendant must timely submit its regular benefit reports and contributions to the Funds as required by the governing Collective Bargaining Agreement and related Trust Agreements that govern the Funds;

C. That in the event Defendant violates the terms of the Consent Decree, Plaintiffs are entitled to execution of the amount of the judgment, plus all contributions and liquidated damages that accrue from May 1, 2008 through the date of entry of judgment, including Plaintiffs' reasonable attorneys' fees incurred during the litigation of this matter and through enforcement of the terms of this Consent Decree, courts costs and liquidated damages against Defendant and Christopher Rebacz, in his individual capacity; and,

D. This Court retains jurisdiction of this cause and all the parties hereto for the purpose of enforcing this Order.

ENTER:

DATE: 5-16-08

_____
UNITED STATES DISTRICT JUDGE

WE HEREBY AGREE TO THE ENTRY OF THIS CONSENT DECREE.

Date: 5/10/08

Beverly P. Alfon
One of the Attorneys for the
  Midwest Operating Engineers Fringe Benefit Funds
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-4316

Date: 5/12/08

Christopher Rebacz, as President and Authorized Agent of Stahu Equipment, Inc.

Date: 5/12/08

Christopher Rebacz, in his individual capacity

I:\MOE\Stahu Equipment\consent decree.wpd